# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL S. DENGSAVANG,

                Petitioner,

v.

WILLIAM POLLARD,

                Respondent.

Case No. 17-CV-1117-JPS

**ORDER**

## 1.      INTRODUCTION

On August 11, 2017, petitioner Michael S. Dengsavang ("Dengsavang") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). He also filed a motion for a stay and abeyance in which he asks the Court to stay this habeas action while he returns to the Wisconsin state courts to properly exhaust certain of the claims he seeks to present here. (Docket #3).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition...that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has

complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

In the balance of this Order, the Court will conduct a Rule 4 screening of Dengsavang's petition and address Dengsavang's motion for a stay and abeyance.

2.    **ANALYSIS**

    2.1    **Statute of Limitations**

The Court begins its Rule 4 review by examining the timeliness of Dengsavang's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, Dengsavang's petition appears timely. Dengsavang was convicted by a jury in Milwaukee County Circuit Court of attempted first-degree intentional homicide, armed robbery with use of force, and burglary, all as a party to a crime. (Docket #1 at 2). On July 23, 2010, he was sentenced to eighty-five years' imprisonment. *Id.* On the face of the petition, Dengsavang represents that his direct appeal process ended on October 6, 2014, with the denial of his petition for review by the Wisconsin Supreme Court (he did not seek certiorari). *Id.* at 3.

However, Dengsavang also filed a post-conviction motion on April 16, 2013, during the pendency of his direct appeal. *Id.* at 5. The post-

conviction motion was denied by the trial court on June 24, 2013. *Id*. Dengsavang provides few details about the appeal of his post-conviction motion, but the Court has reviewed the publicly available Wisconsin court records for Dengsavang's criminal case and learned that the post-conviction motion appeal ended on September 8, 2016, again with the Wisconsin Supreme Court's denial of a petition for review. *See State v. Dengsavang*, 891 N.W.2d 407 (Wis. 2016).

Thus, Dengsavang's one-year limitations clock started on September 8, 2016, and his deadline for filing a petition with this Court was September 8, 2017. Therefore, when Dengsavang filed his petition on August 11, 2017, it appears the limitations period had not yet expired. Of course, if the Court's understanding is incorrect, Respondent remains free to raise the statute of limitations as a defense to Dengsavang's petition.

### 2.2    Exhaustion of State Court Remedies

The Court continues its Rule 4 review by examining Dengsavang's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits.").

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the

petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278. A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Dengsavang presents four grounds for relief: (1) ineffective assistance of counsel relating to shoe-print evidence and "violating court order ruling not to use shoe-print report"; (2) ineffective assistance of counsel relating to evidence of cell phone records that Dengsavang believes are exculpatory; (3) ineffective assistance of counsel for failure to impeach a witness based on her prior report and statement; and (4) ineffective assistance of counsel for not having gunshot residue tested and not appealing the decision of the trial court to deny post-conviction discovery related to the gunshot reside. (Docket #1 at 9-12).

From the face of the petition, it appears Dengsavang presented grounds one and three to each level of Wisconsin state court review, but he did not exhaust grounds two and four, apparently because either his appellate counsel or his post-conviction counsel did not present these issues for appellate review. *Id.* at 8-9. Dengsavang also states that, on the same day he filed the instant habeas petition, he filed a *Knight* petition with the Wisconsin Court of Appeals to challenge his counsel's ineffective assistance for not raising these two issues on appeal. *Id.* at 7-8.

If a federal habeas petition contains exhausted and unexhausted claims—a "mixed" petition—the district court may be required to dismiss the entire petition and leave the petitioner the choice of either returning to state court to exhaust the unexhausted claims or amending the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Because Dengsavang presents a "mixed" petition, the Court must give him that choice. He can either: (1) dismiss this petition in its entirety in order to exhaust his unexhausted claims in state court; or (2) elect to proceed on only the exhausted claims described above. If he dismisses the unexhausted claims, then the Court will be able to consider only his exhausted claims.

If Dengsavang elects option (2) and wishes to dismiss his unexhausted claims and proceed only on his exhausted claims, then he should: (a) file an amended petition which does not include the unexhausted claims; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claims. If Dengsavang elects option (1) and seeks to dismiss this action in its entirety so that he may exhaust his unexhausted claims in state court, he may notify the Court of that decision by letter. The Court hereby warns Dengsavang that if he proceeds only on the exhausted claims, he may not be able to proceed on

his other claims in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2). Similarly, if he dismisses his petition to exhaust the unexhausted claims, he will run the risk that the one-year statute of limitations will expire before he returns to federal court. *See id.* § 2244(d). Whichever course of action Dengsavang elects to take, the Court will require him to file his amended petition or letter as described herein within **thirty (30) days** of the entry of this Order.

The Court is cognizant of the Seventh Circuit's admonition that a district court should consider a stay, as opposed to outright dismissal of unexhausted claims, if dismissing claims without prejudice will "effectively end any chance at federal habeas review, that is, when there is a substantial risk that it comes too late for the prisoner to re-file[.]" *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Dengsavang has requested such a stay and, for the reasons explained below, it is not warranted in this case.

### 2.3    Stay and Abeyance

Acknowledging that he has not exhausted two of the four claims he presents in his petition, Dengsavang asks the Court to stay this habeas proceeding so that he can exhaust his state remedies as to ground two (and also, presumably, ground four). *See* (Docket #3). Under *Rhines v. Weber*, the Court should grant a stay and abeyance when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. 269, 278 (2005).

But Dengsavang has not demonstrated that good cause excuses his failure to exhaust, and so the Court is constrained to deny his request for a stay and abeyance. Requiring a showing of good cause before entertaining a stay is critical because staying a federal habeas petition: (1) frustrates the

Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims." *Id.* at 270. There has been little development in the case law as to what constitutes good cause for a failure to exhaust. *See Wilson v. Thurmer*, No. 08-cv-285-bbc, 2008 WL 4762053, at *5 (W.D. Wis. Oct. 29, 2008).

Dengsavang says very little in his motion for a stay and abeyance about the reason for his delay. He states only that his appellate lawyer failed to present to the state court of appeals and supreme court the issue relating to exculpatory phone records. (Docket #3). This is not a reason for his delay in exhausting his claims; this is the basis for his ineffective assistance claim that he now presents as ground two in his habeas petition. As soon as Dengsavang's post-conviction proceedings concluded in September 2016, he could have filed his *Knight* petition raising the ineffectiveness of his post-conviction counsel. Instead, he did nothing in the nearly twelve months after his post-conviction proceedings ended to pursue exhaustion of his unexhausted grounds.

Only on the eve of his federal habeas deadline did Dengsavang file a *Knight* petition with a Wisconsin appellate court to raise the ineffective assistance claims that he now styles as grounds for relief in his federal habeas petition. Dengsavang has not even attempted to explain why it took him almost a year to file his *Knight* petition. *See* (Docket #3). His *pro se* status is no excuse. *Smith v. Kemper*, Case No. 17-cv-434-pp, 2018 WL 987250, at *4 (E.D. Wis. Feb. 20, 2018); *Yeoman v. Pollard*, 875 F.3d 832, 838 (7th Cir. 2017). Dengsavang's dilatoriness in pursuing these unexhausted claims, coupled

with the Supreme Court's admonition that stay and abeyance "should be available only in limited circumstances," convinces the Court that no stay and abeyance should be permitted in this case. *Rhines*, 544 U.S. at 277. His motion will be denied.

### 2.4    Procedural Default

Having determined that a stay and abeyance is not appropriate in this case, the Court returns to the remaining elements of the screening process. It next reviews Dengsavang's petition to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Dengsavang has procedurally defaulted on his properly exhausted claims.

### 2.5    Frivolous Claims

The Court concludes its Rule 4 review by screening for patently frivolous claims in Dengsavang's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Dengsavang's properly exhausted claims, it does not plainly appear that they are frivolous.

### 3.    CONCLUSION

For the reasons stated above, the Court will deny Dengsavang's motion for a stay and abeyance. The Court will order that Dengsavang

choose whether to proceed solely on the basis of his existing, properly exhausted claims or voluntarily dismiss this action and proceed with additional post-conviction motion practice in Wisconsin courts.

Finally, Dengsavang also filed a motion for leave to proceed without prepayment of the $5.00 filing fee, (Docket #2), but he has since paid the fee. The motion will be denied as moot.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's motion for a stay and abeyance (Docket #3) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety to permit him to seek exhaustion of his unexhausted claims in state court; or (2) file a letter indicating that he wishes to proceed only on his exhausted claims and file an amended petition that does not include the unexhausted claims.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge